IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02343-BNB

ERNEST BREWER,

    Plaintiff,

v.

ROBERT CANTWELL,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 27 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Ernest Brewer, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Brewer, acting *pro se*, filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The Court must construe the Complaint liberally because Mr. Brewer is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Brewer will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Brewer and finds that it does not comply with the pleading requirements of Rule 8, Fed. R. Civ. P. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument*

***Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Conclusory and vague pleadings violate the requirements of Rule 8.

Mr. Brewer fails to set forth a short and plain statement of his claims showing that he is entitled to relief. His claims are conclusory and vague. It appears that Mr. Brewer is challenging his custody classification. Specifically, Mr. Brewer asserts that when he was placed in the Sterling Correctional Facility he told his case manager that he has provided information to law-enforcement personnel about other inmates, and he had incurred problems "on the bus." (Compl. at 4.) Mr. Brewer asserts that the DOC is responsible for his safety and well-being. Mr. Brewer also asserts that he was moved from a minimum yard to a high security yard in August, even though he was not subject to a disciplinary infraction, and he has been subject to threats by prison staff.

It is not clear what specific claims for relief Mr. Brewer is asserting against Defendant Robert Cantwell or what specific action by Defendant Cantwell allegedly violated his constitutional rights, other than that Defendant Cantwell told Mr. Brewer to

not make an issue about his providing information to law-enforcement personnel.

As for threats by prison staff, no matter how inappropriate, verbal harassment and threats without more do not state an arguable constitutional claim. **See Northington v. Jackson**, 973 F.2d 1518, 1524 (10th Cir. 1992); **Cumbey v. Meachum**, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); **Collins v. Cundy**, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Furthermore, the Constitution does not create a liberty interest in a prisoner's classification or placement. **See Meachum v. Fano**, 427 U.S. 215, 225 (1976); **Templeman v. Gunter**, 16 F.3d 367, 369 (10th Cir. 1994). The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. **See Meachum**, 427 U.S. at 224. State law may create a liberty interest in conditions of confinement if they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." **See Sandin v. Conner**, 515 U.S. 472, 484 (1995).

Therefore, Mr. Brewer will be directed to file an Amended Prisoner Complaint that complies with the pleading requirements of Rule 8 and asserts how his constitutional rights were violated. Mr. Brewer also is advised that he must allege specific facts in his Amended Complaint that demonstrate who personally participated in each asserted constitutional violation. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Brewer must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure

3

to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Brewer further is instructed that to state a claim in federal court, the Amended "[C]omplaint must explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court also notes that Mr. Brewer submitted a pleading to the Court on October 22, 2009. In the pleading, Mr. Brewer seeks to amend his Complaint to add claims against Case Manager Phipps. The proper manner in which to amend a complaint is to file all claims on a Court-approved form. Mr. Brewer is directed to include the claims he asserts in the October 22, 2009, pleading, if he so desires, in the Amended Complaint that the Court has instructed him to file. Accordingly, it is

ORDERED that Mr. Brewer file **within thirty days from the date of this Order** an Amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Brewer, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that if Mr. Brewer fails to comply with this Order within the time allowed the action will be dismissed without further notice.

DATED October 27, 2009, at Denver, Colorado.

                                  BY THE COURT:

                                  s/ Boyd N. Boland
                                  United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02343-BNB

Ernest Brewer
Prisoner No. 93706
Sterling Correctional Facility
PO Box 6000 - Unit 4C112
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/27/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk