IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02343-BNB

ERNEST BREWER,

    Plaintiff,

v.

ROBERT CANTWELL,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 0 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER

---

The matter is before the Court on Plaintiff Ernest Brewer's Letter filed on November 5, 2009. The Court must construe the Letter liberally because Mr. Brewer is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In the Letter, Mr. Brewer asks that the Court order the Colorado Department of Corrections to immediately transfer him to a safer place because he has been threatened by other inmates and has had his personal property taken and broken. Mr. Brewer further requests an extension of four months to amend his Complaint because he will be released in four months and will be able to retain an attorney.

The Court has reviewed the order entered by Magistrate Judge Boyd N. Boland on October 27, 2009, directing Mr. Brewer to file an Amended Complaint. The Court finds that October 27, 2009, Order provides Mr. Brewer with the information he needs to prepare and submit an Amended Complaint with the Court. The Court, therefore, will

deny Mr. Brewer's request for a four-month extension of time to submit an Amended Complaint. The Court, however, will give Mr. Brewer thirty days from the date of this Order to file an Amended Complaint in keeping with the October 27, 2009, Order.

As for Mr. Brewer's request for a transfer because he has been threatened and his property has been stolen and broken, the Court construes the request as a Motion for Injunctive Relief. A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. **See Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. **See** Fed. R. Civ. P. 65(b).

Plaintiff fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Mr. Brewer did not assert in the September 24, 2009, Complaint that he had been assaulted by other inmates in the past as he now asserts in the Motion for injunctive relief that he filed on November 5, 2009. The only assertion Mr. Brewer set forth in the Complaint that possibly could be construed as a negative interaction with other inmates is his statement that he had "problems on the bus" when he arrived at the prison facility where he now is housed. Although Mr. Brewer claims in the Motion that he has had threats against him by other inmates and the environment where he is held is unsafe he does not set forth an immediate danger of being attacked. The Court also notes that Mr. Brewer states in the Complaint that he has been placed in a high security

facility, which would indicate that his movement and contact with other inmates is limited.

Because Plaintiff did not raise the imminent danger issue previously when he filed the Complaint, and the claims he asserts in the Letter he filed on November 5, 2009, are conclusory and vague, the Court will deny the request for immediate injunctive relief. Accordingly, it is

ORDERED that Mr. Brewer's Letter (Doc. No. 10) is construed in part as a Motion for injunctive relief and in part as a Motion for an extension of four months to file his Amended Complaint. Both Motions are DENIED. It is

FURTHER ORDERED that Mr. Brewer shall have thirty days from the date of this Order to file an Amended Complaint. It is

FURTHER ORDERED that if Mr. Brewer fails to file an Amended Complaint within the time allowed the Complaint and action will be dismissed without further notice.

DATED at Denver, Colorado, this 20 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02343-BNB

Ernest Brewer
Prisoner No. 93706
Sterling Correctional Facility
PO Box 6000 - Unit 4C112
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/20/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk